IN THE UNITED STATES DISTRICT COURT
SOUTHTERN DISTRICT OF FLORIDA
FT. PIERCE DIVISION

Rosario Alessi,

      Plaintiff,

v.                                   CASE NO.:

OCWEN Financial Corporation and
OCWEN Loan Servicing, LLC,

      Defendants.

_____/

## **COMPLAINT**

COMES NOW Plaintiff, ROSARIO ALESSI (hereinafter "Plaintiff"), by and through the undersigned counsel, and sues Defendants, OCWEN FINANCIAL CORPORATION and OCWEN LOAN SERVCING, LLC (hereinafter and collectively "Defendants"), and in support thereof respectfully alleges violations of the Federal Telephone Consumer Protection Act, 47 U.S.C. § 227 *et seq.* ("TCPA") and the Florida Consumer Collection Practices Act, Florida Statute § 559.72(7) *et seq.* ("FCCPA").

## **INTRODUCTION**

1.     Plaintiff alleges violation(s) of the Federal Telephone Consumer Protection Act, 47 U.S.C. § 227 *et seq.* ("TCPA") and the Florida Consumer Collection Practices Act, Fla. Stat. § 559.55 *et seq.* ("FCCPA").

2.     The TCPA was enacted to prevent companies like Defendants from invading American citizen's privacy and prevent abusive "robo-calls."

Case 2:16-cv-14013-DLG   Document 1   Entered on FLSD Docket 01/19/2016   Page 2 of 23

3.     "The TCPA is designed to protect individual consumers from receiving intrusive and unwanted telephone calls." *Mims v. Arrow Fin. Servs., LLC*, -US--, 132 S.Ct. 740, 745, 181 L.Ed. 2d 881 (2012).

4.     "Senator Hollings, the TCPA's sponsor, described these calls as 'the scourge of modern civilization, they wake us up in the morning; they interrupt our dinner at night; they force the sick and elderly out of bed; they hound us until we want to rip the telephone out of the wall." 137 Cong. Rec. 30, 821 (1991). Senator Hollings presumably intended to give telephone subscribers another option: telling the autodialers to simply stop calling." *Osorio v. State Farm Bank, F.S.B.*, 746 F. 3d 1242 (11th Cir. 2014).

5.     According to the Federal Communications Commission (FCC), "Unwanted calls and texts are the number one complaint to the FCC. There are thousands of complaints to the FCC every month on both telemarketing and robocalls. The FCC received more than 215,000 TCPA complaints in 2014." *Fact Sheet: Wheeler Proposal to Protect and Empower Consumers Against Unwanted Robocalls, Texts to Wireless Phones*, Federal Communications Commission, (May 27, 2015), https://apps.fcc.gov/edocs_public/attachmatch/DOC-333676A1.pdf.

6.     Likewise, the FCCPA is designed and adopted to reinforce individual consumers' rights established by federal law.

## JURISDICTION AND VENUE

7.     This is an action for damages exceeding Seventy-Five Thousand Dollars ($75,000.00) exclusive of interest, attorney fees and costs.

Page 2 of 23

8.     Jurisdiction and venue for purposes of this action are appropriate and conferred by 28 U.S.C. § 1331.

9.     Venue is proper in this District as Plaintiff resides in this District, the violations described in this Complaint occurred in this District, and, Defendant transacts business within this District.

## FACTUAL ALLEGATIONS

10.     Plaintiff is a natural person, and citizen of the State of Florida, whom resides in Highlands County, Florida.

11.     Plaintiff is a "consumer" as defined in Fla. Stat. § 559.55(8).

12.     Defendant is a person collecting an alleged obligation which arises out of personal, family or household transactions.

13.     The alleged debt that is the subject matter of this Complaint is a "consumer debt" as defined by Florida Statute § 559.55(6), as it arises from personal, family or household transactions.

14.     Plaintiff is the "called party." See *Breslow v. Wells Fargo Bank, N.A.*, 755 F. 3d 1265 (11th Cir. 2014) and *Osorio v. State Farm Bank, F.S.B.*, 746 F.3d 1242 (11th Cir. 2014), as he is the subscriber to and regular user of the phone number at issue.

15.     Defendants are individually and collectively corporate entities responsible for attempting to collect a consumer debt from Plaintiff and are transacting business in the State of Florida.

16.     Defendant, OCWEN Financial Corporation, is a corporation which was formed in Atlanta, Georgia with its principal place of business located at 1000 Abernathy

Road, NE, Suite 210, Atlanta, Georgia and which conducts business in the State of Florida through its registered agent, Corporation Service Company, 1201 Hays Street, Tallahassee, Florida 32301.

17.     Defendant, OCWEN Financial Services S.R.L., LLC, is a corporation which was formed in West Palm Beach, Florida with its principal place of business located at 1661 Worthington Road, Suite 100, West Palm Beach, Florida 33409 and which conducts business in the State of Florida through its registered agent, Corporation Service Company, 1201 Hays Street, Tallahassee, Florida 32301.

18.     Plaintiff is the regular user and carrier of the cellular telephone numbers at issue, (863) 260-1145 and (863) 465-3971 (hereinafter "cellular telephone numbers"); and was the called party and recipient of Defendant's hereafter described calls.

19.     Defendants called Plaintiff on both of Plaintiff's cellular telephone numbers.

20.     At all times material hereto, Defendant attempted to collect on a debt, loan account number 7142656797 (hereafter the "subject account"), which was issued and/or serviced by Defendants.

21.     Defendant intentionally, knowingly and/or willfully harassed and abused Plaintiff on numerous occasions by Calling Plaintiff's cellular telephone numbers, from approximately February 2015 through the present date, with such frequency as can reasonably be expected to harass, all in an effort related to the collection of the subject account.

22.     Upon information and belief, some or all of the calls Defendant made to Plaintiff's cellular telephone numbers were made using and "automatic telephone dialing system" (hereinafter "ATDS") which has the capacity to store or produce telephone numbers to be called, without human intervention, using a random or sequential number generator (including, without limitation, to a predictive dialer) or an artificial or prerecorded voice; and to dial such numbers as specified by 47 U.S.C. § 227(a)(1).

23.     Furthermore, each of the calls at issue were placed by Defendants using a "prerecorded voice," as specified by the TCPA, 47 U.S.C. § 227(b)(1)(A).

24.     In or about February of 2015, Defendants initiated their campaign of phone calls to Plaintiff on Plaintiff's cellular telephone numbers.

25.     Upon receipt of the calls, Plaintiff's caller ID identified the calls were being initiated from, without limitation, telephone number (800) 746-2936.

26.     In or about February of 2015, upon receipt of a call from Defendants, Plaintiff answered the call, received Defendants' prerecorded message, held on the line to be connected to a live agent/representative and informed the agent/representative of Defendants that Plaintiff disputes the validity of the alleged past due debt, their incessant calls were harassing him, and, demanded Defendant cease all calls to his aforementioned cellular telephone numbers, therefore, revoking any previously perceived express consent to be called using the Defendants' ATDS, predictive dialer, prerecorded message or artificial voice.

27.     During the February 2015 phone conversation with Defendants' agent/representative, Plaintiff expressly revoked any perceived express consent

Defendants may have believed they had to Defendants' placement of telephone calls to Plaintiff's aforementioned cellular telephone numbers by the use of an ATDS or prerecorded or artificial voice.

28.     Each subsequent call Defendants made to Plaintiff's cellular telephone numbers were done so without the "express permission" of Plaintiff.

29.     Despite Plaintiff informing Defendant to stop calling, Defendants' calls to Plaintiff's cellular telephone numbers continue.

30.     Defendants have called Plaintiff approximately and at least two hundred seventy (270) times cumulatively since February 8, 2015, in an attempt to collect an alleged debt.

31.     Defendants attempted to collect a debt from Plaintiff by this campaign of telephone calls.

32.     During one of the first calls Defendants placed to Plaintiff, Plaintiff specifically notified Defendants they were not authorized to contact Plaintiff on either of his cellular telephone numbers (863) 260-1145 and/or (863) 465-3971 on or about the beginning of February, 2015 thereby revoking any perceived consent Defendants believed and/or assumed they had to contact Plaintiff on either of his cellular telephone numbers (863) 260-1145 and/or (863) 465-3971.

33.     Due to the high call volume of calls placed by Defendants to cellular telephone number (863) 260-1145, Plaintiff was unable to keep a fully contemporaneous log of each and every call he received from Defendants; however, the following is a sampling of the calls in which Plaintiff was able to maintain:

    i.      February 8, 2015;

    ii.     February 8, 2015;

   iii.    February 8, 2015 at 5:26 pm;

   iv.    February 9, 2015 at 7:27 am;

    v.    February 9, 2015 at 1:58 pm

   vi.    February 10, 2015 at 1:35 pm;

  vii.    February 10, 2015 at 6:11 pm;

 viii.    February 11, 2015;

   ix.    February 11, 2015  at 12:58 pm

    x.    February 12, 2015 at 1:23 pm;

   xi.    February 13, 205 at 12:12 pm;

  xii.    February 14, 2015;

 xiii.    February 14, 2015 at 3:26 pm;

 xiv.    February 15, 2015 at 9:23 am;

  xv.    February 16, 2015 at 9:15 am;

 xvi.    February 17, 2015 at 1:35 pm;

xvii.    February 18, 2015 at 11:53 am;

xviii.    February 19, 2015;

 xix.    February 19, 2015 at 4:36 pm;

  xx.    February 20, 2015 at 9:17 am;

 xxi.    February 21, 2015 at 8:02 am;

xxii.    February 22, 2015;

| | |
|---|---|
| xxiii. | February 22, 2015; |
| xxiv. | February 22, 2015 at 4:30 pm; |
| xxv. | February 23, 2015 at 7:24 am; |
| xxvi. | February 23, 2015 at 1:33 pm; |
| xxvii. | February 24, 1015; |
| xxviii. | February 24, 2015 at 3:13 pm; |
| xxix. | February 25, 2015 at 10:39 am; |
| xxx. | February 26, 2015; |
| xxxi. | February 26, 2015 at 3:21 pm; |
| xxxii. | February 27, 2015 at 12:20 pm; |
| xxxiii. | February 28 at 7:53 a. m.; |
| xxxiv. | March 1, 2015 at 10:19 am; |
| xxxv. | March 2, 2015 at 10:43 am; |
| xxxvi. | March 3, 2015 at 11:08 am; |
| xxxvii. | March 4, 2015 at 8:42 am; |
| xxxviii. | March 5, 2015 at 8:40 am; |
| xxxix. | March 5, 2015 at 5:37 pm; |
| xl. | March 6, 2015 at 10:30 am; |
| xli. | March 6, 2015 at 2:27 pm; |
| xlii. | March 7, 2015 at 8:53 a. m.; |
| xliii. | March 7, 2015; |
| xliv. | March 7, 2015 at 2:59 pm; |

xlv.      March 8, 2015;

xlvi.     March 8, 2015;

xlvii.    March 8, 2015 at 6:55 pm;

xlviii.   March 9, 2015 at 8:48 am;

xlix.     March 10, 2015 at 2:31 pm;

l.        March 11, 2015 at 8:47 am;

li.       March 12, 2015;

lii.      March 12, 2015 at 2:45 pm;

liii.     March 12, 2015 at 7:30 pm;

liv.      March 13, 2015 at 9:25 am;

lv.       March 14, 2015 at 10:52 am;

lvi.      March 15, 2015;

lvii.     March 15, 2015 at 1:27 pm;

lviii.    March 16, 2015 at 11:13 am;

lix.      March 17, 2015 at 1:42 pm;

lx.       March 18, 2015 at 7:42 am;

lxi.      March 19, 2015 at 10:46 am;

lxii.     March 19, 2015 at 4:48 pm;

lxiii.    March 20, 2015 at 9:03 am;

lxiv.     March 20, 2015 at 12:44 pm;

lxv.      March 21, 2015;

lxvi.     March 21, 2015;

lxvii.    March 21, 2015 at 3:40 pm;

lxviii.   March 23, 2015 at 11:09 am;

lxix.     March 24, 2015 at 5:32 pm;

lxx.      March 25, 2015 at 7:59 am;

lxxi.     March 25, 205 at 2:43 pm;

lxxii.    March 26, 2015;

lxxiii.   March 26, 2015 at 3:49 pm;

lxxiv.    March 27, 2015 at 9:46 am;

lxxv.     March 28, 2015 at 12:18 pm;

lxxvi.    March 28, 2015 at 3:50 pm;

lxxvii.   March 28, 2015 at 5:18 pm;

lxxviii.  March 30, 2015 at 1:16pm;

lxxix.    March 31, 2015 at 12:30 pm;

lxxx.     March 31, 2015 at 6:03 pm;

lxxxi.    April 1, 2015 at 11:01 am;

lxxxii.   April 2, 2015 at 10:23 am;

lxxxiii.  April 3, 2015;

lxxxiv.   April 3, 2015 at 12:18 pm;

lxxxv.    April 6, 2013 at 11:01 am;

lxxxvi.   April 7, 2015 at 2:43 pm;

lxxxvii.  April 8, 2015 at 8:35 am;

lxxxviii. April 9, 2015 at 5:17 pm;

lxxxix.   April 9, 2015 at 5:17 pm;

xc.   April 10, 2015 at 2:55 pm;

xci.   April 11, 2015;

xcii.   April 11, 2015 at 3:54 pm;

xciii.   April 12, 2015 at 9:38 am

xciv.   April 13, 2015 at 9:21 am;

xcv.   April 13, 2015 at 3:44 pm;

xcvi.   April 14, 2015;

xcvii.   April 14, 2015 at 3:53 pm;

xcviii.   April 15, 2015 at 11:31 am;

xcix.   April 16, 2015 at 12:49 pm;

c.   April 17, 2015 at 12:42 pm;

ci.   April 18, 2015 at 8:15 am;

cii.   April 18, 2015 at 4:05 pm;

ciii.   April 19, 2015 at 4:55 pm;

civ.   April 20, 2015 at 10:12 am;

cv.   April 21, 2015 at 4:15 pm;

cvi.   April 22, 2015 at 11:54 am;

cvii.   April 22, 2015 at 3:42 pm;

cviii.   April 24, 2015 at 2:24 pm;

cix.   April 25, 2015 at 4:38 pm;

cx.   April 27, 2015 at 9:17 am;

cxi.      April 27, 2015 at 3:04 pm;

cxii.     April 28, 2015 at 2:44 pm;

cxiii.    April 28, 2015 at 7:00 pm;

cxiv.     April 30, 2015 at 2:39 pm;

cxv.      April 30, 2015 at 5:55 pm;

cxvi.     May 1, 2015 at 11:06 am;

cxvii.    May 1, 2015 at 1:39 pm;

cxviii.   May 2, 2015 at 10:26 am;

cxix.     May 3, 2015 at 6:42 pm;

cxx.      May 4, 2015 at 10:32 am;

cxxi.     May 4, 2015 at 2:40 pm;

cxxii.    May 5, 2015 at 3:08 pm;

cxxiii.   May 5, 2015 at 5:58 pm;

cxxiv.    May 6, 2015 at 8:58 am;

cxxv.     May 7, 2015 at 5:31 pm;

cxxvi.    May 8, 2015 at 10:16 am;

cxxvii.   May 9, 2016 at 1:46 pm;

cxxviii.  May 10, 2015 at 9:38 am;

cxxix.    May 10, 2015 at 6:47 pm;

cxxx.     May 11, 2015 8:38 am;

cxxxi.    May 11, 2015 8:03 pm;

cxxxii.   May 12, 2015;

cxxxiii.  May 12, 2015 at 6:49 pm;

cxxxiv.  May 13, 2015 at 11:50 am;

cxxxv.  May 14, 2015 at 1:03 pm;

cxxxvi.  May 12, 2015 at 5:49 pm;

cxxxvii.  May 15, 2015 at 12:33 pm;

cxxxviii.  May 16, 2015 at 2:01 pm;

cxxxix.  May 18, 2015 at 9:19 am;

cxl.  May 19, 2015 at 4:23 pm;

cxli.  May 20, 2015 at 5:16 pm;

cxlii.  May 21, 2015;

cxliii.  May 21, 2015 at 8:16 pm;

cxliv.  May 22, 2015 at 12:52 pm;

cxlv.  May 22, 2105 at 7:47 pm; and

cxlvi.  May 23, 2015 at 12:16 pm.

34.  Due to the high call volume of calls placed by Defendants to cellular telephone number (863) 260-1145, Plaintiff was unable to keep a fully contemporaneous log of each and every call he received from Defendants; however, the following is a sampling of the calls in which Plaintiff was able to maintain:

i.  February 23, 2015;

ii.  February 23, 2015 at 2:34 pm;

iii.  February 24, 2015;

iv.  February 24, 2015 at 4:14 pm;

v.      February 26, 2015 at 1:40 pm;

vi.     February 28, 2015 at 8:51 am;

vii.    March 1, 2015 at 11:18 am;

viii.   March 1, 2015 at 4:01 pm;

ix.     March 3, 2015 at 12:09 pm;

x.      March 4, 2015 at 9:43 am;

xi.     March 5, 2015;

xii.    March 5, 2015 at 2:50 pm;

xiii.   March 5, 2015 at 6:37 pm;

xiv.    March 6, 2015 at 9:51 am;

xv.     March 6, 2015 at 11:30 am;

xvi.    March 7, 2015;

xvii.   March 7, 2015;

xviii.  March 7, 2015 at 3:58 pm;

xix.    March 8, 2015 at 1:15 pm;

xx.     March 8, 2015;

xxi.    March 8, 2015 at 7:54 pm;

xxii.   March 10, 2015 at 2:17 pm;

xxiii.  March 10, 2015 at 3:32 pm;

xxiv.   March 12, 2015 at 8:29 pm;

xxv.    March 15, 2015 at 9:45 am;

xxvi.   March 15, 2015 at 2:26 pm;

xxvii.     March 17, 2015 at 2:43 pm;

xxviii.    March 19, 2015 at 11:47 am;

xxix.      March 19, 2015 at 3:03 pm;

xxx.       March 20, 2015;

xxxi.      March 20, 2015 at 1:45 pm;

xxxii.     March 20, 2015 at 6:20 pm;

xxxiii.    March 21, 2015;

xxxiv.     March 21, 2015;

xxxv.      March 21, 2015 at 4:40 pm;

xxxvi.     March 22, 2015;

xxxvii.    March 22, 2015 at 2:50 pm;

xxxviii.   March 22, 2015 at 5:21 pm;

xxxix.     March 23, 2015 at 12:01 pm;

xl.        March 24, 2015 at 3:03 pm;

xli.       March 25, 2015 at 9:00 am;

xlii.      March 25, 2015 at 3:44 pm;

xliii.     March 26, 2015 at 2:23 pm;

xliv.      March 26, 2015 at 4:50 pm;

xlv.       March 28, 2015 at 1:17 pm;

xlvi.      March 28, 2015 at 4:50 pm;

xlvii.     March 29, 2015 at 11:27 am;

xlviii.    March 29, 2015 at 2:48 pm;

xlix.    March 29, 2015 at 6:18 pm;

l.    March 30, 2015 at 8:20 am;

li.    March 30, 2015 at 2:15 pm;

lii.    March 31, 2015 at 12:04 pm;

liii.    March 31, 2015 at 7:03 pm;

liv.    April 3, 2015 at 10:06 am;

lv.    April 4, 2015 at 10:40 am;

lvi.    April 6, 2015 at 12:01 pm;

lvii.    April 7, 2015 at 3:42 pm;

lviii.    April 8, 2015 at 9:34 am;

lix.    April 9, 2015 at 2:10 pm;

lx.    April 9, 2015 at 6:16 pm;

lxi.    April 10, 2015 at 2:55 pm;

lxii.    April 10, 2015 at 7:13 pm;

lxiii.    April 11, 2015 at 1:50 pm;

lxiv.    April 11, 2015 at 3:54 pm;

lxv.    April 12, 2015 at 9:38 am;

lxvi.    April 13, 2015;

lxvii.    April 13, 2015 at 3:45 pm;

lxviii.    April 14, 2015;

lxix.    April 14, 2015 at 3:55 pm;

lxx.    April 16, 2015 at 12:50 pm;

lxxi.     April 16, 2015 at 4:03 pm;

lxxii.    April 18, 2015;

lxxiii.   April 18, 2015 at 4:05 pm;

lxxiv.    April 19, 2015 at 4:55 pm;

lxxv.     April 21, 2015 at 4:17 pm;

lxxvi.    April 22, 2015 at 11:56 am;

lxxvii.   April 22, 2015 at 3:43 pm;

lxxviii.  April 24, 2015 at 2:25 pm;

lxxix.    April 25, 2015;

lxxx.     April 25, 2015 at 4:38 pm;

lxxxi.    April 26, 2015 at 9:53 am;

lxxxii.   April 26, 2015;

lxxxiii.  April 26, 2015 at 7:22 pm;

lxxxiv.   April 27, 2015;

lxxxv.    April 27, 2015 at 3:04 pm;

lxxxvi.   April 28, 2015;

lxxxvii.  April 28, 2015 at 7:00 pm;

lxxxviii. April 29, 2015 at 10:33 am;

lxxxix.   April 30, 2015;

xc.       April 30, 2015 at 5:55 pm;

xci.      May 1, 2015;

xcii.     May 1, 2015 at 1:39 pm;

xciii.    May 2, 2015;

xciv.    May 2, 2015 at 3:50 pm;

xcv.    May 3, 2015 at 12:00 pm;

xcvi.    May 3, 2015 at 3:47 pm;

xcvii.    May 3, 2015 at 6:42 am;

xcviii.    May 5, 2015 at 3:10 pm;

xcix.    May 6, 2015 at 9:00 am;

c.    May 7, 2015;

ci.    May 7, 2015 at 5:33 pm;

cii.    May 9, 2015 at 10:17 am;

ciii.    May 9, 2015 at 1:47 pm;

civ.    May 9, 2015 at 3:07 pm;

cv.    May 10, 2015 at 9:39 am;

cvi.    May 10, 2015 at 2:08 pm;

cvii.    May 10, 2015 at 6:48 pm;

cviii.    May 11, 2015 at 8:40 am;

cix.    May 11, 2015 at 8:03 pm;

cx.    May 12, 2015 at 6:49 pm;

cxi.    May 12, 2015 at 6:49 pm;

cxii.    May 14, 2015;

cxiii.    May 14, 2015 at 5:51 pm;

cxiv.    May 15, 2015 at 12:35 pm;

cxv.    May 16, 2015 at 2:01 pm;

cxvi.   May 17, 2015 at 10:20 am;

cxvii.  May 19, 2015 at 4:25 pm;

cxviii. May 20, 2015 at 1:13 pm;

cxix.   May 21, 2015 at 4:03 pm;

cxx.    May 21, 2015 at 8:15 pm;

cxxi.   May 22, 2015 at 7:47 pm; and

cxxii.  May 23, 2015 at 11:13 am.

35.    Defendant has left several dozens of prerecorded messages on Plaintiff's cellular telephone numbers, including an artificial voice, demanding that Plaintiff call Defendants regarding the subject account.

36.    Defendants have, or should be in possession and/or control of, call logs, account notes, autodialed reports and/or other records that detail the exact number of all calls they made to Plaintiff.

37.    Despite actual knowledge of their wrongdoing, Defendants continue their campaign of abuse, calling Plaintiff despite not having Plaintiff's express permission to call his cellular telephone numbers.

38.    Defendants continue to leave voice messages using a prerecorded or artificial voice message when calling Plaintiff, despite acknowledging they did not have Plaintiff's express permission to do so.

39.     Defendants have a corporate policy(ies) and/or procedure(s) which are structured as to continue to call individuals like Plaintiff, despite these individuals revoking any consent Defendants may have had to make such calls.

40.     Defendants' corporate policy(ies) and procedures provided no means for Plaintiff to have Plaintiff's cellular telephone number removed from Defendants' call list or otherwise permit the cessation of and/or suppression of calls to Plaintiff from Defendant.

41.     Defendants have a corporate policy(ies) of using an ATDS or prerecorded or artificial voice message to collect debts from individuals such as Plaintiff for their financial benefit.

42.     Defendants have numerous other federal lawsuits pending against them alleging similar violations as stated in this Complaint.

43.     Defendants have many similar complaints from consumers across the county, as those alleged in this lawsuit, by Plaintiff.

44.     Plaintiff expressly revoked consent to Defendants' placement of telephone calls to Plaintiff's cellular telephone number by the use of an ATDS or prerecorded or artificial voice immediately upon Defendants' placement of the calls.

45.     Defendants knowingly employ methods and/or has a corporate policy(ies) designed to harass and abuse individuals.

46.     Defendant knowingly employs methods and/or has a corporate policy(ies) that do not permit the cessation of or suppression of autodialed calls to Plaintiff's cellular telephone numbers.

47.     Defendants have a corporate policy to harass and abuse individuals despite actual knowledge that the called parties do not wish to be called.

48.     Not a single call Defendants placed to Plaintiff's cellular telephone numbers was for "emergency purposes" as specified in 47 U.S.C. §227(b)(1)(A).

49.     Defendant willfully or knowingly violated the TCPA with respect to Plaintiff.

50.     As a result of these collection efforts, Plaintiff suffered severe emotional and mental distress, worry, anxiety, irritability, embarrassment, humiliation, depression, night sweats, dizziness, decreased work time as well as a general loss of happiness, tranquility of old age, concentration, sleep, and reputation and further suffered strain with his familial relationships due to the attempted collection of the subject account owed by Plaintiff.

## COUNT I
### (Violation of the TCPA)

51.     Plaintiff re-alleges and fully incorporates Paragraphs one (1) through fifty (50) above as if fully stated herein.

52.     Defendants causes placement of non-emergency telephone calls to Plaintiff's cellular telephone numbers using an ATDS or prerecorded or artificial voice without Plaintiff's prior express consent and in violation of federal law, including, without limitation, 47 U.S.C. § 227(b)(1)(A)(iii).

53.     Defendants willfully and/or knowingly violated the TCPA, with respect to all if their calls made to Plaintiff's cellular telephone numbers after Plaintiff revoked consent to be called and without Plaintiff's express consent.

54.     Defendant willfully and/or knowingly violated the TCPA, specifically for each of the calls made to Plaintiff's cellular telephone numbers after Plaintiff notified Defendants on or about February 2015, when Plaintiff verbally withdrew, revoked, and/or terminated any alleged perceived consent Defendants believed they had to contact Plaintiff, and told Defendants to cease calling Plaintiff.

**WHEREFORE,** Plaintiff respectfully demands a trial by jury on all issues so triable and judgment against Defendants for statutory damages, punitive damages, actual damages, costs, interest, attorney fees, enjoinder from further violations of these parts and any other such relief the Court may deem just and proper.

## <u>COUNT II</u>
### (Violation of the FCCPA)

55.     Plaintiff re-alleges and fully incorporates Paragraphs one (1) through fifty (50) above as if fully stated herein.

56.     At all times relevant to this action, Defendants are subject to and must abide by the law of the State of Florida, including, without limitation, Fla. Stat. § 559.72.

57.     Defendants have violated Fla. Stat. §559.72(7) by willfully engaging in conduct which can reasonably be expected to harass the debtor.

58.     Defendants actions have directly and proximately resulted in Plaintiff's prior and continuous sustaining of damages as described by Fla. Stat. § 559.77.

**WHEREFORE,** Plaintiff respectfully demands a trial by jury on all issues so triable and judgment against Defendants for statutory damages, punitive damages, actual

007df5f207f2adca

damages, costs, interest, attorney fees, enjoinder from further violations of these parts and any other such relief the Court may deem just and proper.

Respectfully submitted,

Jared M. Lee, Esquire
Morgan & Morgan, P.A.
20 N. Orange Avenue
Suite 1600
Orlando, FL 32801
Tele: (407) 420-1414
Fax: (407) 245-3485
Florida Bar No.: 0052284
Attorney for Plaintiff(s)
JLee@ ForThePeople.com
JMLPleadings@ForThePeople.com